```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2

 3   -------------------------------X
                                    :
 4   UNITED STATES OF AMERICA,      :
                                    :   16-CR-00308 (DLI)
 5              Plaintiff,          :
                                    :
 6        v.                        :
                                    :   March 1, 2016
 7   ERDAL KUYUMCU,                 :   Brooklyn, New York
                                    :
 8              Defendants.         :
                                    :
 9   -------------------------------X

10          TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
               BEFORE THE HONORABLE RAMON E. REYES, JR.
11                 UNITED STATES MAGISTRATE JUDGE

12
     APPEARANCES:
13
     For the United States:     AMEET B. KABRAWALA, ESQ.
14                              United States Attorney's Office
                                271 Cadman Plaza East
15                              Brooklyn, New York 11201

16
     For the Defendant:         JAMES DARROW, ESQ.
17                              Federal Defenders of New York
                                One Pierrepont Plaza, 16th Floor
18                              Brooklyn, New York 11201

19

20
     Court Transcriber:         MARY GRECO
21                              TypeWrite Word Processing Service
                                211 N. Milton Road
22                              Saratoga Springs, New York 12866

23

24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
                                                                 2
1    (Proceedings began at 3:35 p.m.)
2              THE CLERK:  This is a Criminal Cause for Arraignment
3    on a complaint, USA v. Erdal Kuyumcu, Case No. 16-134-M.
4    Counsel, your name for the record?
5              MR. KABRAWALA:  Good afternoon, Judge.  Ameet
6    Kabrawala on behalf of the United States.
7              MR. DARROW:  Good afternoon, Your Honor.  James
8    Darrow, Federal Defenders of New York for Mr. Kuyumcu who's
9    present at the bar to my left.
10             THE COURT:  Good afternoon.  Mr. Kuyumcu, the
11   purpose of this proceeding is to make sure that you understand
12   the charges that are pending against you, to make sure you
13   understand your rights as a defendant in a criminal case, and
14   to address the question of whether you should be held in jail
15   or released on bail until your trial.
16             You have the right to remain silent.  You do not
17   have to make a statement to anyone.  If you start to make a
18   statement, you can stop at any time.  If you've made
19   statements in the past, you are not required to make
20   statements in the future.  Any statements that you do make can
21   and will be used against you in your case except for
22   statements that you make to your attorney.  Those are
23   privileged.  Do you understand?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  You also have the right to be
```

1 represented by an attorney throughout your case.  If you can't
2 afford an attorney, the Court will appoint one to represent
3 you.  In connection with that, I've been given a financial
4 affidavit that bears a signature at the bottom.  Is that your
5 signature?
6             THE DEFENDANT:  Yes, Your Honor.
7                    [Pause in Proceedings.]
8             MR. DARROW:  I can address an issue with that if
9 Your Honor --
10            THE COURT:  Yes, please.
11            MR. DARROW:  -- would like me to.  So I was present
12 when Pretrial filled out that affidavit.  I'm aware that the
13 stated income is larger than the usual client base that my
14 office represents.  What I would ask is for me to represent
15 Mr. Kuyumcu for purposes of arraignment at least while he
16 considers whether to retain counsel so that he can execute a
17 bail application to Your Honor so he can get out today.  My
18 fear is that without that, he would be detained for the
19 evening and I would like to avoid that.
20            MR. KABRAWALA:  The Government takes no position.
21 We haven't seen a financial affidavit.
22            THE COURT:  Okay.  I will appoint the Federal
23 Defenders of New York and Mr. Darrow to represent him in
24 today's proceeding and for the purpose of making the bail
25 application and for an additional week during which time Mr.

```
 1  Kuyumcu must decide whether to retain his own counsel or as
 2  the Court to continue the Federal Defenders representation of
 3  him.  I do note that the amount of income listed is
 4  substantially larger than the average client of either the
 5  Federal Defenders or the CJA panel.  Mr. --
 6            MR. DARROW:  Your Honor, one question.  I apologize
 7  for interrupting.  One question on that score.  If my client
 8  decides to, if Mr. Kuyumcu decides to apply for my office to
 9  continue to represent him would we write that application to
10  Your Honor --
11            THE COURT:  Yes.  Write --
12            MR. DARROW:  -- or to the duty magistrate?
13            THE COURT:  It will be to whoever's on duty.
14            MR. DARROW:  Yes, sir.
15            THE COURT:  Put that on ECF.  Mr. Kuyumcu, you've
16  been charged in a complaint.  I'm going to read it because
17  this is not one of the usual charges that we see in this
18  district.  But the complaint reads, "Upon information and
19  belief in or about and between January 2013 and February 2015,
20  both dates being approximate and inclusive, within the Eastern
21  District of New York and elsewhere, the defendant Erdal
22  Kuyumcu, together with others, did knowingly and willfully
23  export, re-export, sell and supply and attempt to export, re-
24  export, sell and supply goods to wit metallic powders composed
25  of cobalt and nickel directly or indirectly from the United
```

1   States to Iran without first obtaining the required export
2   control license from the Office of Foreign Assets Control in
3   violation of Title 50, United States Code Sections 1701, 1702,
4   and 1705; Title 31, Code of Federal Regulations Sections
5   560.203, 560.204, and 560.206; and Title 18, United States
6   Code Section 3551 et sec."
7              Have you seen a copy of the complaint?
8              THE DEFENDANT:  I saw it, sir.
9              THE COURT:  Did you discuss the charges with your
10  attorney?
11             THE DEFENDANT:  A little bit.
12             THE COURT:  Briefly?
13             THE DEFENDANT:  Briefly, yes.
14             THE COURT:  Do you understand the charges?
15             THE DEFENDANT:  Yes, sir, I understand.
16             THE COURT:  Okay.  Mr. Darrow, you've had these
17  discussions with Mr. Kuyumcu?
18             MR. DARROW:  I have and I'm confident he understands
19  the charges against him.
20             THE COURT:  Great.  Mr. Kabrawala, you've agreed to
21  a bail package?
22             MR. KABRAWALA:  The Government has.  That bail
23  package consists of home detention with electronic monitoring
24  for a period of at least ten days, that is until March 11th at
25  which time the Government anticipates the defendant to have

1 two sureties in place, financially responsible sureties, who
2 would sign in the amount of $250,000, a secured bond that is
3 secured by the primary residence of Mr. Kuyumcu's wife who is
4 currently residing -- who is currently out of the United
5 States.  That home detention with electronic monitoring
6 provision would continue if two sureties did not actually --
7 if there was not at least one surety who signed and that there
8 wasn't a confession of judgment in the Government's favor by
9 March 11th of this year.
10          The parties anticipate filing a status report.  I
11 expect the defense to file a status report if any of the
12 conditions of that proposal cannot be satisfied in which case
13 the home detention electronic monitoring would remain in
14 effect.
15          MR. DARROW:  And Your Honor, I agree with everything
16 the Government just said with respect to the consented bail
17 package and we will obviously make any application in writing
18 that we need to if we can't fulfill the requisite conditions
19 by that ten-day period.
20          THE COURT:  Okay.
21          MR. KABRAWALA:  For the record -- I'm sorry.
22          THE COURT:  Go ahead.
23          MR. KABRAWALA:  For the record, the reasons for the
24 proposed bail package that is the agreed upon bail package is
25 that the defendant does have substantial ties to a foreign

1   country.  Specifically, he has a passport of Turkey.  That
2   passport and the US passport have been provided to Pretrial
3   Services.  He does make a significant income.  And for those
4   reasons and also given the fact that the statutory maximum
5   here is 20 years and the guidelines are somewhere between 60
6   and 70 months, the Government is asking for that proposed bail
7   package.
8           THE COURT:  Is there anything contraindicated in the
9   Pretrial Services interview?
10          FEMALE SPEAKER:  No, Your Honor.  Would you like a
11  brief summary?
12          THE COURT:  Not necessary if the ultimate
13  recommendation to release Mr. Kuyumcu on a substantial bond
14  with sureties and property?
15          FEMALE SPEAKER:  Yes, Your Honor.
16          THE COURT:  Okay.  And you have nothing to indicate
17  risk of flight that would override any bail?
18          FEMALE SPEAKER:  None that the Government has not
19  mentioned, Your Honor.
20          THE COURT:  Okay.  All right.  I will agree --
21          MR. DARROW:  Your Honor, if I may?  I apologize.
22          THE COURT:  Go ahead.
23          MR. DARROW:  Just for the record I think we would,
24  if pressed to make a contested bail application, we would have
25  additional facts that we would muster in order to demonstrate

1  that any substantial risk is mitigated, but there's no need to
2  do so in light of the consented bail package today.  Just for
3  the record.
4         THE COURT:  All right.  I just want to be clear that
5  we have Mr. Kuyumcu's passports.
6         FEMALE SPEAKER:  Yes, Your Honor.
7         THE COURT:  Okay.  All right.  Here's the -- I think
8  the bail package as proposed is sufficient.  Here's what it
9  is.  $250,000 bond, travel restricted to New York City and
10 Long Island.  Mr. Kuyumcu cannot apply for any passports or
11 international travel documents.  He will be placed under
12 Pretrial supervision subject to random home and workplace
13 visits and reporting as directed to Pretrial.  He will be
14 placed on home incarceration, restricted to his home at all
15 times except for attorneys visits, court appearances, and
16 necessary medical treatment until property is posted and that
17 property is the apartment in Woodside, New York on 39th Avenue.
18 And he needs to have two sureties to sign the bond by March
19 11th.  If the property is not posted and if at least one surety
20 does not sign --
21        MR. KABRAWALA:  The Government will not consent to
22 release of the defendant --
23        THE COURT:  -- by March 11th --
24        MR. KABRAWALA:  Correct.  The Government will not
25 consent to releasing the defendant from home detention and

1 electronic monitoring.

2     THE COURT: Yes. I'm fine with that.

3     MR. KABRAWALA: And Your Honor has accurately stated
4 the other terms of the Government's stipulated bail
5 conditions.

6     THE COURT: Mr. Kuyumcu, do you understand those
7 conditions?

8     THE DEFENDANT: [Indiscernible].

9     THE COURT: Okay. I want to give you three
10 additional warnings.

11     If you commit any crimes when you're out on release,
12 that's federal, state, or local crimes, that's a violation of
13 this bond. You will be detained on these charges until your
14 trial and you'll face charges for any crimes you may commit.

15     If you attempt to influence the testimony of any
16 witness that may appear against you in your case, that's a
17 violation of this bond. You'll be detained on these charges
18 until your trial plus you'll face a charge of witness
19 tampering on top.

20     And if you're convicted both of the underlying
21 charges and witness tampering, your sentences can be served
22 consecutively. And if you fail to come to court when you're
23 supposed to, that's a violation of the bond.

24     THE DEFENDANT: Okay.

25     THE COURT: You will be detained on these charges

until your trial and you'll face a charge of bail jumping. And if you're convicted of the underlying charges and bail jumping, your sentences can be served consecutively. So you must come to court when you're supposed to, do not commit any crimes, and do not attempt to influence the testimony of any witness that may appear against you. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

MR. DARROW: Your Honor, if I could have one minute to consult with my client about one small thing?

THE COURT: Sure.

[Pause in proceedings.]

MR. DARROW: Thank you, Your Honor.

THE CLERK: Your client signs where the X is. Here.

MR. DARROW: Thank you.

THE CLERK: Thank you.

MR. DARROW: Your Honor, my client has just signed the document reflecting the bond.

THE COURT: I'm not sure if we went over this but what is Mr. Kuyumcu's position with respect to a preliminary hearing?

MR. DARROW: We'll waive until the 30th day, Your Honor.

THE COURT: Okay. Anything else?

MR. KABRAWALA: Just one other matter for the

1 record.  The Government has some currency and some other
2 personal property items that were seized from the defendant
3 during the arrest and we will return those items right after
4 this hearing and we'll also document it for our file as well.
5 I wanted to state that for the record.
6       THE COURT:  Okay.  Thank you.
7       MR. DARROW:  Thank you, Your Honor.
8       THE COURT:  Thank you.
9 (Proceedings concluded at 3:48 p.m.)
10       * * * * * *

```
                                                         12
 1       I certify that the foregoing is a court transcript from
 2  an electronic sound recording of the proceedings in the above-
 3  entitled matter.
 4
 5                              _____
 6                                       Mary Greco
 7  Dated:  April 16, 2019
```